Hilda Elizabeth VIVAR–MARTINEZ, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73003.

Agency No. A70–783–230.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 16, 2003.

Henry A. Posada, Posada & Saab, Downey, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Jacqueline Dryden, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM**

Hilda Elizabeth Vivar–Martinez, a native and citizen of Guatemala, petitions

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

At her removal hearing, Vivar–Martinez testified that in 1989, guerrillas kidnaped her father and brother in an attempt to recruit them, killed her brother who tried to defend her father, and severely beat Vivar–Martinez. Vivar–Martinez provided no evidence, however, that the guerrillas' were motivated by an enumerated ground. Accordingly, substantial evidence supports the BIA's decision that Vivar–Martinez failed to establish eligibility for asylum. *See id.* at 483–84 (holding that forced recruitment without more is insufficient to establish persecution on account of political opinion).

In failing to qualify for asylum, Vivar–Martinez, necessarily failed to satisfy the more stringent standard or withholding of removal. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

**PÉTITION FOR REVIEW DENIED.**

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.